John R. SULLIVAN, Appellant,

v.

BICKEL & BREWER and William
Brewer, Appellees.

No. 05–94–01822–CV.

Court of Appeals of Texas,
Dallas.

Dec. 28, 1995.

Gary L. Richardson, Richardson & Stoops, Jon R. Running, Georgenia A. Brown, Tulsa, OK, Tom Thomas, Thomas Sheehan & Culp, LLP, Dallas, for appellant.

Rod Phelan, Peter A. Moir, Eric A. Allen, Baker & Botts, LLP, Dallas, for appellees.

Before CHAPMAN, DEVANY and WRIGHT, JJ.

## OPINION

DEVANY, Justice.

John R. Sullivan (appellant) appeals a summary judgment entered in favor of Bickel & Brewer and William Brewer (appellees). In fourteen points of error, appellant contends the trial court erred in: (1) granting summary judgment in favor of appellees; (2) granting appellees' motion to compel; (3) entering sanctions against appellant; (4) prohibiting appellant from testifying at the hearing on his motion for reconsideration; (5) denying appellant's motion for continuance; (6) excluding appellant's summary judgment evidence; (7) refusing to record the summary judgment hearing; and (8) denying appellant's motion for new trial. We affirm the trial court's judgment.

## FACTS

Appellant was involved in many business ventures involving real estate. When the real estate market took a downward turn, he began to experience difficulty meeting his creditors' demands. In 1986, on behalf of himself and entities he controlled, appellant hired appellees to provide legal representation in several cases involving outstanding indebtedness to several lending institutions. Appellant fired appellees in June 1990, after paying them over $5 million in legal fees.

On October 8, 1993, appellant filed suit against appellees alleging breach of contract, negligence, breach of fiduciary duty, fraud, and violations of the Texas Deceptive Trade Practices Act. On January 7, 1994, the parties signed a written agreement scheduling discovery dates. Because appellant did not follow the agreement, appellees filed a motion to compel which the trial court granted.

Because appellant did not comply with that order, appellees filed two motions for sanctions. The court also granted those motions. The court found that appellant did not make a good faith effort to produce documents, his interrogatory responses were intentionally incomplete, and, to avoid discovery, he filed motions to disqualify appellees' counsel and to extend discovery deadlines. As a sanction for discovery abuse, the trial court refused to allow appellant to introduce into evidence any documents that he previously failed to produce.

Appellees moved for summary judgment on the basis of limitations, arguing that all of appellant's claims were actually legal malpractice claims and therefore governed and barred by the two-year statute of limitations. Alternatively, appellees argued that any claims which may be governed by the four-year statute are also barred because they were based on events occurring and known to appellant more than four years before he sued. In his response, appellant addressed only his fraud claim, arguing that appellees did not meet their summary judgment burden to show it is barred by limitations. On the day of the hearing, appellant attempted to offer his affidavit as summary judgment evidence. However, the trial court sustained appellees' objection to the affidavit and denied appellant's motion for leave to file. The trial court granted appellees' motion for summary judgment.

## SUMMARY JUDGMENT

### A. The Parties' Contentions

In his first point of error, appellant contends the trial court erred in granting appellees' motion for summary judgment on his fraud claim.[1] He asserts that his petition alleged fraudulent billing practices by appellees, as well as legal malpractice. He argues that the four-year statute of limitations applies to his fraud claim, he raised the discovery rule in his summary judgment response, and appellees did not establish as a matter of law that prior to October 8, 1989, four years before he filed suit, he knew or should have

known facts giving rise to his fraud cause of action.

Appellees contend that the fraud claim is based on the same factual allegations as appellant's other claims. Therefore, the fraud claim is nothing more than a legal malpractice claim and is governed by the two-year statute of limitations. Alternatively, if the four-year statute applies to this claim, it is nevertheless barred because the summary judgment evidence shows appellant knew or should have known facts giving rise to that claim before October 8, 1989.

### B. Applicable Law

### 1. Standard of Review

To obtain a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, the appellate court takes as true evidence favorable to the nonmovant. The appellate court indulges every reasonable inference in favor of the nonmovant and resolves all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ The summary judgment motion must expressly present specific grounds for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). Summary judgment for a defendant is proper when the summary judgment evidence conclusively negates at least one factual element of each theory pleaded by the plaintiff or conclusively establishes all the elements of the defendant's affirmative defense. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). The trial court will not consider evidence which favors the movant's position unless it is uncontroverted. *Courtney v. University of Tex. Sys.*, 806 S.W.2d 277, 279 (Tex.App.—Fort Worth 1991, writ denied). When the order granting summary judgment does not specify the particular grounds the trial court sustained, the

---

1. We note that appellant addresses only his fraud claim; he does not argue that the trial court erred in entering summary judgment against him on his legal malpractice claims.

appellate court must uphold the summary judgment on any ground asserted by the movant that is supported by the evidence and pleadings. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

## 2. Limitations

A defendant seeking summary judgment on the basis of limitations must prove as a matter of law when the cause of action accrued. When the plaintiff has pleaded the discovery rule, the defendant must negate the rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *American Medical Elecs., Inc. v. Korn,* 819 S.W.2d 573, 576 (Tex.App.—Dallas 1991, writ denied). If the defendant cannot do so, a fact question exists about when the limitations period began to accrue. *Clade v. Larsen,* 838 S.W.2d 277, 282 (Tex.App.—Dallas 1992, writ denied). The accrual occurs when facts come into existence authorizing a claimant to seek a judicial remedy. Limitations runs from the time of the wrongful conduct and bars actions for damages resulting from the wrongful conduct even though the damages are not fully developed during the limitations period. A party need only be aware of enough facts to apprise him of his right to seek a judicial remedy. *Clade,* 838 S.W.2d at 282.

## 3. Discovery Rule

When the discovery rule applies, the limitations period does not begin to run until the plaintiff discovers or, through the exercise of reasonable care and diligence, should have discovered the facts establishing a cause of action. *Willis,* 760 S.W.2d at 646. The discovery rule is applicable to claims for fraud and legal malpractice. *Willis,* 760 S.W.2d at 645–46.

## 4. Legal Malpractice

A cause of action arising out of bad legal advice or improper representation is legal malpractice. *See Sledge v. Alsup,* 759 S.W.2d 1, 2 (Tex.App.—El Paso 1988, no writ). The issue in a malpractice action is whether the attorney exercised that degree of care, skill, and diligence as lawyers of ordinary skill and knowledge commonly possess and exercise. *Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex.1988); *Sledge,* 759 S.W.2d at 2. A cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year limitations statute. *Willis,* 760 S.W.2d at 644.

## 5. Fraud

The gist of a fraud action is deception as to an existing fact. *Southwestern Bell Tel. Co. v. Meader Constr. Co.,* 574 S.W.2d 839, 843 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). The elements of actionable fraud are: (1) a material representation, (2) that is false, (3) that the speaker knew was false when made, (4) that he made with the intention that it be acted upon by the other party; (5) that the party acted in reliance on it, and (6) damages. *T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 222 (Tex.1992). A cause of action for fraud is classified as an action on debt and is subject to a four year limitations period. *Williams v. Khalaf,* 802 S.W.2d 651, 656, 658 (Tex. 1990).

## C. Application of Law to Facts

### 1. Cause of Action

The parties dispute whether appellant's fraud claim is actually a fraud claim or whether it is a legal malpractice claim. The parties agree that a two-year statute of limitations applies to legal malpractice claims. They also agree that a four-year statute of limitations applies to fraud claims.

In his First Amended Petition, appellant sets out his fraud claim in a separate paragraph with the heading *"Fraud."* Under that heading, he realleges all previous paragraphs. He then lists four specific paragraphs and claims that all representations of fact made by appellees and set out in those paragraphs are false, and appellees knowingly made the false representations intending that appellant rely on them. Paragraph III of the petition states in part:

III. During the course of the representation described above, Defendants charged fees in the cases in excess of the amount

agreed upon, charged excessive time on matters identified in paragraph 5 herein, and billed for work that was unnecessary or which was never performed. Additionally, B & B charged for expenses which were unnecessary or those not properly attributable to Plaintiff. Brewer and B & B, on behalf of Plaintiff, also took a posture in their representation which caused the duration and scope of litigation to be increased drastically and thereby increased the cost of legal fees and expenses.

In essence, appellant contends appellees committed fraud (1) in the manner they billed him and (2) by misrepresenting the status of the litigation to lengthen the duration and increase the scope of litigation and thereby increase their billings.

Appellees contend that appellant's fraud claim "rests upon complaints about professional services and is based on the same factual allegations as" appellant's other claims. They characterize appellant's fraud claim as a complaint that they mishandled his cases with resulting damages in the form of excessive fees and unsatisfactory results. Therefore, appellees argue, the fraud claim is nothing more than a legal malpractice claim. They contend that no matter how a plaintiff characterizes his cause of action, the two-year statute applies to all complaints about lawyers' professional services.

Relying on several cases, appellees contend that Texas courts treat all complaints about the lawyer-client relationship and about lawyers' professional services as malpractice claims and that the two-year statute applies to all such complaints. We have carefully considered the Texas cases cited by appellees that discuss legal malpractice claims. We believe appellees argue too broadly.

In four of the cases, the suit was based on an attorney's action that was clearly an act in the course of representation. In these cases, the court found the two-year statute applied regardless of how the plaintiff labeled his cause of action. *See Mathew v. McCoy*, 847 S.W.2d 397, 399–400 (Tex.App.—Houston [14th Dist.] 1993, no writ) (appellants alleged that attorneys failed to pursue medical malpractice claim); *Sledge*, 759 S.W.2d at 1 (ap-

pellant alleged that attorneys gave bad advice); *Black v. Wills*, 758 S.W.2d 809, 811 (Tex.App.—Dallas 1988, no writ) (appellant alleged that attorney failed to appear for trial); *Pham v. Nguyen*, 763 S.W.2d 467, 468–69 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (appellants alleged that attorney did not draft contract as agreed).

In *American Medical Electronics, Inc. v. Korn*, also cited by appellees, there was no question that the plaintiff brought a legal malpractice claim. Instead, the argument centered on the plaintiff's assertion that a malpractice claim structured as a breach of implied warranty based on an oral contract is subject to a four-year limitations period. *Korn*, 819 S.W.2d at 576. The court disagreed, stating that an action for legal malpractice is in the nature of a tort and governed by the two-year limitations statute. *Korn*, 819 S.W.2d at 576.

These cases hold that the two-year limitations period applies to legal malpractice claims. This issue is not disputed. These cases do not stand for the proposition that all complaints about the lawyer-client relationship or about lawyers' professional services are malpractice claims.

Two other appellate courts have addressed the issue before us. Both courts concluded there is a distinction between an action for negligent legal practice, that is, representation, and one for fraud allegedly committed by an attorney relating to establishing and charging fees for legal services. *See Jampole v. Matthews*, 857 S.W.2d 57, 62 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Estate of Degley v. Vega*, 797 S.W.2d 299, 303 (Tex.App.—Corpus Christi 1990, no writ). In *Jampole*, the appellants alleged that because of the appellees' fraud, they were entitled to damages for paying a fee higher than that called for in the fee agreement. In *Vega*, the administratrix alleged that the appellee failed to completely inform her and affirmatively misled her about the legal effect of the fee agreement. In both cases, the appellate court found that the appellant had stated a cause of action for fraud which is subject to the four-year statute of limitations. *Jampole*, 857 S.W.2d at 62; *Vega*, 797 S.W.2d at 303.

Appellees attempt to distinguish these two cases by asserting that the fraud alleged in those cases arose from negotiation, inducement to sign, and performance of a fee agreement while the fraud alleged in this case involves the quality of their professional services. We disagree.

Here, appellant alleged that appellees negligently represented him, a legal malpractice claim. He also alleged that they provided legal services in a manner intended to fraudulently lengthen the duration and increase the scope of litigation to increase their billings. In other words, appellant contends appellees deceived him regarding their representation and billing practices for that representation. While, as appellees claim, the case involves the quality of their professional services, it also involves, as a separate issue, the integrity of their billing practices. As did the Houston First and Corpus Christi courts, we see a distinction between an action for negligent legal practice and one for fraud relating to fees for legal services. We conclude that appellant stated a cause of action for fraudulent billing practices to which the four-year statute of limitations applies.

### 2. Application of Discovery Rule

Appellant pleaded the discovery rule in his response to appellees' motion for summary judgment. Therefore, appellees had to present sufficient summary judgment evidence to prove as a matter of law that no genuine issue of fact exists about when appellant discovered or should have discovered the facts establishing his cause of action for fraudulent billing practices. *Korn*, 819 S.W.2d at 576.

### 3. Summary Judgment Evidence

█ The summary judgment evidence shows that from the beginning of the attorney/client relationship, appellees billed appellant on a monthly basis. Each month, appellant received an invoice detailing the nature of the services rendered by each lawyer on each case and the expenses incurred on each case. Additionally, for the last year or two,

the firm worked for appellant, and at his request, the firm provided appellant with monthly status reports for each case. Each report included a description of the present status of the case, work required in the near term, and an estimate of the next month's fees.

In response to appellant's allegations that appellees' failure to keep him informed was a part of their fraudulent billing scheme, appellees presented summary judgment evidence showing: (1) he knew by March 1989 of the potentially detrimental effect of the *D'Oench Duhme* doctrine,[2] (2) appellant knew by May 1989 of misrepresentations appellees made to one of appellant's creditors, (3) appellant knew of an undisclosed settlement offer by another creditor by June 1989, and (4) appellant knew the effect of following appellees' advice and rejecting another creditor's settlement offer by June 1989.

The summary judgment evidence shows appellant received detailed monthly invoices and status reports. Appellant also knew, prior to October 8, 1989, of several facts concerning his cases which he alleged appellees concealed from him and used to draw out litigation. While appellant may not have known the full extent of his damages by October 8, 1989, he was aware of enough facts to apprise him of his right to seek a judicial remedy. *See Clade*, 838 S.W.2d at 282.

We conclude that appellees proved as a matter of law that appellant knew or should have known of his fraud claim against appellees before October 8, 1989. Consequently, because no fact question exists about when the cause of action accrued and limitations began to run, the trial court did not err in granting summary judgment in favor of appellees based on limitations. We overrule point of error one.

### MOTION TO COMPEL

In his second and third points of error, appellant asserts the trial court abused its discretion by granting appellees' motion to

---

**2.** *D'Oench Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) prohibits borrowers from asserting secret agreements with a failed bank as a defense to liability on notes held by the FDIC as receiver for the failed bank.

compel and ordering him to produce all previously requested documents immediately. Appellant argues that the dates in the parties' January 7, 1994 rule 11 agreement were only tentative and subject to the schedules of clients and counsel. He contends the agreement was only a guideline for managing discovery and, therefore, he was not required to follow the agreement. Consequently, the trial court had no basis for granting appellees' motion to compel his compliance.

## A. Applicable Law

Under the Texas Rules of Civil Procedure, the parties to a lawsuit may enter into a binding agreement as to matters touching the lawsuit. To be binding, the agreement must be in writing, signed, and filed as part of the record, or made in open court and entered of record. TEX.R.CIV.P. 11. The purpose of this rule is to prevent such agreements from becoming matters of controversy. *Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 886 (Tex.App.—El Paso 1993, orig. proceeding).

## B. Application of Law to Facts

■ Here, the parties entered into a written agreement to schedule discovery. The agreement was signed by counsel for each side and was filed as part of the record. By the terms of the agreement, the parties "recognized that this schedule could change." However, the fact that a present agreement is subject to change does not affect its enforceability as long as the requirements of rule 11 are met and it has not been replaced by a subsequent rule 11 agreement changing the terms. The January 7, 1994 rule 11 agreement was enforceable. Consequently, the trial court did not err in granting appellee's motion to compel. We overrule appellant's second and third points of error.

## SANCTIONS

In points of error four through nine, appellant contends the trial court abused its discretion in entering sanctions against him. The trial court ordered that appellant could not for any purpose use any documents he failed to produce by February 24, 1994. Appellant argues that the sanctions imposed by the trial court are so severe that he was precluded from presenting his case on the merits.

## A. Applicable Law

■ It is within the trial court's discretion to impose discovery sanctions. *White v. Bath*, 825 S.W.2d 227, 229 (Tex.App.—Houston [14th Dist.] 1992, writ denied), *cert. denied*, 507 U.S. 1039, 113 S.Ct. 1868, 123 L.Ed.2d 488 (1993). Sanctions will not be set aside on appeal in the absence of a showing that the trial court clearly abused its discretion. *White*, 825 S.W.2d at 229. It is not enough, however, that an appellant show the trial court erred in entering sanctions. He must also show that the error was calculated to cause and probably did cause rendition of an improper judgment. *Williams Distrib. Co. v. Franklin*, 884 S.W.2d 503, 508 (Tex. App.—Dallas 1994), *modified*, 898 S.W.2d 816 (Tex.1995).

■ When evidence is excluded because of a trial court's application of procedural discovery rules, any error in the exclusion of the evidence requires reversal if the excluded evidence is both controlling on a material issue in the case and not cumulative. *Franklin*, 884 S.W.2d at 508. A party complaining about the exclusion of evidence must show by bill of exception the substance of evidence excluded. *Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 178 (Tex. App.—Waco 1987, writ denied). He must also show that the evidence was actually offered and excluded. *Greenstein, Logan & Co.*, 744 S.W.2d at 178. Failure to do so results in waiver. *Princess Enters., Inc. v. Superstar Amusements, Inc.*, 718 S.W.2d 40, 41–42 (Tex.App.—Dallas 1986, no writ).

## B. Application of Law to Facts

■ The record before us contains no bill of exceptions indicating what the excluded evidence would have been or that the evidence was actually offered and excluded. Even assuming the trial court erred in entering sanctions against appellant, appellant has not preserved the error for review. We overrule appellant's points of error four through nine.

## MOTION FOR CONTINUANCE

In his eleventh point of error, appellant contends the trial court abused its discretion by denying his motion for continuance of the summary judgment hearing. Appellant requested more time to respond to appellees' summary judgment reply brief, which was filed two days before the summary judgment hearing. Appellant argues that appellees changed their argument and added a new issue in their reply brief. Specifically, he argues that in their original motion for summary judgment, appellees argued that appellant knew or should have known the facts relating to his fraud cause of action by July of 1990, but in the reply brief they argued that he knew or should have known those facts prior to October 8, 1989. He also contends appellees added the argument that his pleadings did not sufficiently allege fraud.

### A. Applicable Law

 The granting or denial of a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). The trial court's action will not be disturbed unless the record discloses a clear abuse of discretion. *Villegas*, 711 S.W.2d at 626. Rule 166a(c) requires a motion for summary judgment to be filed and served at least twenty-one days before the time specified for hearing. TEX. R.CIV.P. 166a(c). Where a party receives notice of the date of the hearing in excess of the required twenty-one days, denial of a motion for continuance based on lack of time to prepare is generally not an abuse of discretion. *Clemons v. State Farm Fire and Casualty Co.*, 879 S.W.2d 385, 394 (Tex. App.—Houston [14th Dist.] 1994, no writ).

### B. Application of Law to Facts

 In their motion for summary judgment, appellees stated: "By July 1990, . . . Sullivan knew all facts he needed to know to complain of 'questionable bills'." Additionally, they alleged that Sullivan's claims are barred by limitations because he was aware of the necessary facts more than two years before he filed suit and, alternatively, all claims based on events occurring before October 8, 1989, four years before he filed his suit, are barred by the four year statute. The motion also included a discussion about whether appellant's fraud claim was a separate claim from his malpractice claim. This is the same argument contained in the reply brief which appellant contends is a new argument that his pleadings did not sufficiently allege fraud. Consequently, appellant was not required to respond to a new issue and did not need additional time to prepare such a response.

The motion for summary judgment was filed June 17, 1994. The hearing on the motion was originally set for July 15, 1994 and later continued until August 5, 1994. Thus appellant received notice of the hearing date in excess of the twenty-one days required by rule 166a. *Clemons*, 879 S.W.2d at 394. We conclude the trial court did not abuse its discretion in denying appellant's motion for continuance. We overrule appellant's eleventh point of error.

## APPELLANT'S AFFIDAVIT

In his twelfth point of error, appellant contends the trial court erred in denying his motion for leave to file an affidavit in response to appellees' motion for summary judgment. In his motion for leave to file, appellant argued that he needed to file the affidavit to respond to new facts alleged in appellees' reply brief that was filed two days before the scheduled summary judgment hearing. In his brief, appellant argues the court should have allowed him to file his affidavit because appellees were allowed to file a supplemental affidavit and their reply brief within twenty-one days before the hearing.

### A. Facts

Appellees' filed their motion for summary judgment on June 17, 1994. Appellant filed his response on July 26, 1994, but filed no summary judgment evidence at that time. Appellees filed their reply brief in response to appellant's response on August 3, 1994. The hearing was held on August 5, 1994. On the day of the hearing, appellant asked leave of court to file his affidavit. The instrument appellant offered is unsworn. Following appellant's signature at the end of the text is an

acknowledgment wherein the notary stated that appellant acknowledged to her that he executed the foregoing instrument for the purposes and consideration therein expressed. Appellees objected and the trial court denied leave.

### B. Applicable Law

#### 1. Time to File

■ Rule 166a(c) provides that the non-movant may file affidavits no later than seven days prior to the summary judgment hearing. TEX.R.CIV.P. 166a(c). To file within seven days, the adverse party must obtain leave of court. TEX.R.CIV.P. 166a(c). It is entirely within the trial court's discretion to allow the late filing of opposing proof. *Bell v. Moores*, 832 S.W.2d 749, 755 (Tex.App.— Houston [14th Dist.] 1992, writ denied). It is not an abuse of discretion for the trial court to refuse to consider untimely affidavits opposing a motion for summary judgment. *Bell*, 832 S.W.2d at 755.

#### 2. Requisites of Affidavit

■ An affidavit is defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX.GOV'T CODE ANN. § 312.011 (Vernon 1988). An unsworn statement is not competent summary judgment proof. *Elam v. Yale Clinic*, 783 S.W.2d 638, 643 (Tex.App.—Houston [14th Dist.] 1989, no writ). An acknowledgment is not sufficient to replace the jurat required by the statute. *Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex.1970). Without the jurat, the instrument is not an affidavit within the statutory definition. *Perkins*, 462 S.W.2d at 568.

### C. Application of Law to Facts

■ Here, appellant had six weeks in which to timely file opposing affidavits. As explained above, the reply brief filed on August 3 did not raise new facts. Further, the fact that the trial court allowed appellees to file an affidavit and reply brief within the twenty-one day period, without objection from appellant, is not relevant and has no

bearing on whether the trial court abused its discretion by denying appellant's leave to file. Finally, because the instrument does not contain a jurat, it is not an affidavit within the statutory definition. We conclude the trial court did not abuse its discretion by denying appellant's motion for leave to file his affidavit. We overrule appellant's point of error twelve.

### IMPROPER BRIEFING

In his tenth point of error, appellant contends the trial court abused its discretion by prohibiting him from testifying at the June 13, 1994 hearing on his motion for reconsideration. Appellant grouped his discussion of points two through ten. He mentioned in one paragraph that the trial court did not allow him to testify at the June 13, 1994 hearing, but did not argue that such was an abuse of discretion.

In his thirteenth point of error, appellant contends the trial court erred in refusing to allow a record to be made at the August 5, 1994 summary judgment hearing. This point is listed on page six of appellant's brief but it is not addressed in the body of the brief.

■ Points of error must be supported by argument and authority, and if not so supported they are waived. *White*, 825 S.W.2d at 230. Because these points are not supported by argument and authority, they are waived. We overrule appellant's tenth and thirteenth points of error.

### MOTION FOR NEW TRIAL

In his fourteenth point of error, appellant asserts the trial court abused its discretion in denying his motion for new trial. This point is listed on page six of the brief. The only other reference to this point appears as a sub-heading as follows:

A. The Trial Court Erred In Granting Summary Judgment Against Sullivan (Point of Error Nos. 1 and 14)

We find no argument, authority, or discussion regarding the motion for new trial. Consequently, this point is waived. *See White*, 825 S.W.2d at 230.

However, assuming appellant bases this point of error on the argument under his

first point of error, we conclude, for the reasons explained above under point of error one, the trial court did not abuse its discretion by denying appellant's motion for new trial. We overrule appellant's fourteenth point of error.

We affirm the trial court's judgment.