# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

Nos. 96-40562 & 96-40898
CONSOLIDATED

---

DERMOT PATRICK CARROLL,

Plaintiff-Appellee/Cross-Appellant,

versus

THE JAQUES ADMIRALTY LAW FIRM, PC;
LEONARD C. JAQUES,

Defendants-Appellants/Cross-Appellees.

---

Appeals from the United States District Court
For the Eastern District of Texas
(1:95-CV-87)

---

June 17, 1998

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Leonard C. Jaques and Jaques Admiralty Law Firm appeal a jury award of

$5 million in damages to Dermot Patrick Carroll on the basis that the district court

erred in not granting Jaques' motion for judgment as a matter of law. Jaques

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

contends that Carroll's claims are barred by the statute of limitations because they were based on events occurring and known to Carroll more than four years before he filed suit on October 5, 1994.

We find, as a matter of law, that Carroll failed to file this action within the four years allowed for doing so and conclude that the statute of limitations bars recovery. We therefore set aside the jury's award of actual and exemplary damages and reverse the district court's judgment based thereon.

## BACKGROUND

In October 1981, Jaques filed suit on Carroll's behalf in the district court for the Eastern District of Texas, seeking damages for a back injury Carroll suffered in Norway in 1979. Gary Baun, an associate of the Jaques firm, was to be Carroll's contact with Jaques throughout the pending litigation. In September 1982, the district court dismissed Carroll's personal injury action on the grounds of *forum non conveniens*. On April 5, 1984, this Court affirmed the district court's dismissal, concluding that the American contacts with the case were insubstantial and that the case was not governed by United States law.[1]

Throughout the litigation, the communication between Baun and Carroll was sporadic. On November 9, 1984, Baun forwarded a copy of this Court's opinion

---

[1]*See* **Koke v. Phillips Petroleum Co.**, 730 F.2d 211 (5th Cir. 1984).

and a cover letter to Carroll.  The letter, which is the subject of the fraudulent misrepresentations at issue stated:

> In response to yours of November 5, I will now advise you as to the current status of your cause of action in this country.  As you well know, after Judge Parker of the United States District Court for the Eastern District of Texas issued Order of Dismissal, we vigorously challenged that Order through the appellate process in the United States Court of Appeals for the Fifth Circuit, which ultimately decided adversely to your position.
>
> As a matter of protecting your interests, it was demanded that the Order of Dismissal be conditioned on three requisites which are set forth in the second to last paragraph, page 2 of said Order, a copy of which is attached hereto.[2]
>
> Of significance, the second condition demanded that the Defendants waive any defense that they might have relating to <u>any</u> statute of limitation.  As a result of the above, you still possess an extremely viable and meritorious cause of action against the Defendants originally named.  In that regard, I have corresponded with a firm of solicitors, Latin and Masheder, Castle Chambers, 43 Castle Street, Liverpool, England L2 9TQ, requesting assistance in the undertaking of your representation in an action to be filed in the Courts of Great Britain.  As soon as I have received contact from this firm, I will of course bring you up-to-date relative to all developments related thereto.
>
> In closing, I must stress that this matter can and will be pursued to a successful conclusion on your behalf.

Baun corresponded with Latin and Masheder throughout 1984, 1985 and 1986.  In 1986 and 1987, the solicitors attempted to settle Carroll's case but

---

[2]The dismissal for *forum non conveniens* was conditioned on three requisites: (1) that all defendants consent to jurisdiction in a single appropriate foreign forum; (2) that all defendants waive any defense regarding the statute of limitations; and (3) that all defendants consent to satisfying any judgment rendered.

Carroll rejected both offers. In June 1988, Baun resigned from Jaques Admiralty Law Firm.

In a letter to Jaques on June 6, 1990, Carroll wrote:

I have written Mr. Baun many times and do not get replies. I phoned your office some days ago and was told that Mr. Baun had left. I fail to see how he can represent me without contacting me; now he has left your firm; I am most distressed! Do I not have any say or choice of lawyers or firm that may represent me? It is my strongest wish that the Jaques Admiralty Firm continue to represent me. I urgently need to receive a reply from you together with your comments and suggestions.

Thereafter Carroll wrote two additional letters expressing similar concerns regarding his representation.

On September 5, 1990, Carroll wrote to the American Bar Association to complain about the lack of representation he was receiving from Jaques and the Jaques Law Firm. On December 3, 1990 Carroll filed a complaint with the State of Michigan Attorney Grievance Commission.

On October 5, 1994, Carroll filed this action in Texas state court alleging that Jaques committed malpractice, advancing theories of negligence, gross negligence, fraud, breach of contract, and deceptive trade practices. The jury found that the defendants had made fraudulent misrepresentations to Carroll and awarded damages in the amount of $ 5 million--$1.5 million in actual damages and $3.5 million in exemplary damages. The district court denied the defendants' Renewed

4

Motions for Judgment as a Matter of Law, Motion for New Trial and Motion to Alter or Amend the Judgment.

## ANALYSIS

### Standard of Review

The standard of review on appeal of a judgment as a matter of law is the same as that used by the trial court in considering the motion.[3]  We will not overturn the verdict of a jury unless it is inconsistent with dispositive law or is not supported by substantial evidence.[4]

Legal malpractice suits are governed by a two year statute of limitations;[5] fraud actions are governed by a four year statute of limitations.[6] The limitations on

---

[3]**Crosthwait Equip. Co., Inc v. John Deere Co.**, 992 F.2d 525 (5th Cir. 1993); **Gutierrez v. Excel Corp.**, 106 F.3d 683 (5th Cir. 1997).

[4]**Guthrie v. J.C. Penney Co., Inc.**,  803 F.2d 202 (5th Cir. 1986); **Reeves v. General Foods Corp.**, 682 F.2d 515 (5th Cir. 1982).

[5]Tex. Civ. Proc. & Rem. Code Ann. § 16.003 (Vernon 1986 & 1996); **Willis v. Maverick**, 760 S.W.2d 642 (Tex. 1988); **Sullivan v. Bickel & Brewer**, 943 S.W.2d 477 (Tex. App.--Dallas 1995, writ denied).

[6]  **Williams v. Khalaf**, 802 S.W.2d 651 (Tex. 1990); **Sullivan**, 943 S.W.2d at 481.

both a legal malpractice claim[7] and a fraud claim[8] accrue upon the discovery of the injury or fraud or at such time as the injury or fraud might reasonably have been discovered through the exercise of reasonable diligence.[9]  Defendants contend that the plaintiff's claims do not sound in fraud but are allegations of professional negligence.  The district court concluded that because Carroll pleaded a fraud claim independent of his malpractice claims it was not subsumed therein.  The court also found that no evidence conclusively established as a matter of law that Carroll knew of facts, which if pursued by him, would have led to the discovery of fraud

---

[7]The issue in a malpractice claim is whether the attorney exercised that degree of care, skill, and diligence as lawyers of ordinary skill and knowledge commonly possess and exercise.  **Willis v. Maverick**, 760 S.W.2d 642 (Tex. 1988); **Sullivan**, 943 S.W.2d at 481.

[8]The elements of actionable fraud are: 1) a material misrepresentation; 2) that is false; 3) that the speaker knew was false when made; 4) made with the intention that it be acted upon by the other party; 5) that the party acted in reliance on it; and 6) damages.  **T.O. Stanley Boot Co. v. Bank of El Paso**, 847 S.W.2d 218 (Tex. 1992); **Sullivan**, 943 S.W.2d at 481.

[9] **McMeens v. Pease**, 878 S.W.2d 185 (Tex. App.--Corpus Christi 1994, writ denied)(citing **Bush v. Stone**, 500 S.W.2d 885, 889 (Tex. Civ. App.-- Corpus Christi 1973, writ ref'd n.r.e.)("Knowledge of facts which would have excited inquiry into the mind of a reasonably prudent person, which, if pursued by him with reasonable diligence, would lead to the discovery of fraud, is equivalent to knowledge of fraud as a matter of law."); **American Medical Electronics, Inc. v. Korn**, 819 S.W.2d 573, 577 (Tex. App.--Dallas 1991, writ denied)( "The limitations period begins to run as soon as the plaintiff discovers or should discover any harm, however slight resulting from the negligence of the defendant."); *See Also* **Mooney v. Harlin**, 622 S.W.2d 83 (Tex. 1981).

more than four years before October 5, 1994.[10]   We are not so persuaded.

Whether this case is determined under legal malpractice or fraud, the plaintiff's action is barred because both claims are based on the same conduct and he did not file the action within four years, the longest limitation period of the two causes of actions.  To overcome the limitations bar, Carroll must show that the statute of limitations did not begin to run until on or after October 5, 1990.  The limitations period begins to run as soon as the plaintiff discovers or should have discovered facts that put him on notice of his causes of action for legal malpractice and fraud.  The limitations on Carroll's action would not begin to accrue until he discovered or should have discovered that Jaques was engaged in negligent or fraudulent conduct,[11] which, according to Carroll, was the defendants knowingly issuing material misrepresentations on which Carroll relied to his detriment and ultimately sustained a financial loss.  Carroll maintains that the jury's findings of fraud were supported by evidence that after this Court affirmed the district court's *forum non conveniens* dismissal, the defendant represented to Carroll that they continued to act on his behalf.  The defendants did not, however, represent Carroll

---

[10]**Carroll v. Jaques**, 927 F. Supp. 216, 223-24 (E.D. Tex. 1996).

[11]*See* **American Medical Electronics, Inc. v. Korn**, 819 S.W.2d 573 (Tex.App.--Dallas 1991).

7

in either the United States or in a foreign forum after the dismissal.

The decision by the Texas appellate court in *American Medical Electronics, Inc. v. Korn*[12] is instructive as to the commencement date for accrual of limitations in a legal malpractice case wherein conflicting advice of counsel exists.  It makes clear that the date for that accrual herein predates October 5, 1990.  In 1986 and 1987, Carroll  received conflicting advice from Mace & Jones, the Liverpool solicitors (formerly Latin & Masheder). On August 1, 1986, the solicitors informed Carroll that the defendants believed that the conditions placed in the Fifth Circuit order dismissing his action would not be binding on any subsidiary companies and that they would not consent to jurisdiction in English courts.  On April 30, 1987, Mace & Jones informed Carroll that the case faced jurisdictional and limitation problems in England as well as factual problems on the merits because of the length of time that had elapsed since the accident.[13]

---

[12]**Id.**

[13]Mace and Jones informed Carroll of the following:

1.  The defendants, American International Underwriters would not concede that Carroll was employed by a company with a registered office or address for service in England nor would they consent to jurisdiction in England.

2.  There would be a problem with time limits imposed by the Limitation Act and the action would only be permitted if the English court

As with American Medical Electronics, the "initial damages to [Carroll], although perhaps nominal, occurred when his right to receive professional and complete advice from [his] attorneys was violated."[14] Whether Carroll's claim was in negligence or fraud, when Mace & Jones told him that his case suffered from jurisdiction and limitation problems, he knew or should have known that Baun's representation that, "he still possess[ed] an extremely viable and meritorious action against the defendant's originally named," was possibly inaccurate. Thus, under the discovery rule, Carroll's cause of action, in malpractice or fraud, began to accrue at least by April 30, 1987.

In addition, Carroll was confronted not only with conflicting legal advice, but also Jaques' failure to correspond with him. As early as October 1984 Carroll contacted appellants complaining that he was having difficulty corresponding with them. On October 28, 1984 he wrote "it is nearly eight months since you last wrote me." Further, as of June 6, 1990, it is clear that Carroll knew that Baun had left the law firm. These facts, coupled with the conflicting legal advice, manifestly

exercised its discretion and excused the time bar.

3.    There has been no open admission of liability on behalf of the defendants and the length of time that had elapsed since the accident would possibly make the factual evidence unsatisfactory.

[14]**Korn**, 819 S.W.2d at 577.

sufficed to lead a reasonable person to investigate. Carroll may not have known the full extent of his damages by October 5, 1990, but he was aware of sufficient facts to apprise him of his right to seek a judicial remedy.[15]

The evidence indisputably establishes that Carroll was aware of or should have been aware of any bad legal advice and falsity of Jaques representations, to trigger the running of the limitations, before October 5, 1990. Carroll's claims are barred by both statutes of limitations.

## CONCLUSION

Accordingly, we REVERSE the judgment based on the jury verdict granting actual and exemplary damages to Carroll, and RENDER judgment in favor of Leonard C. Jaques and Jaques Admiralty Law Firm, dismissing with prejudice the claims of the plaintiff against them.

---

[15]**Sullivan v. Bickel & Brewer**, 943 S.W.2d 477, 481 (Tex. App.--Dallas 1995, writ denied).( "[A]ccrual occurs when facts come into existence authorizing a client to seek a judicial remedy...A party need only be aware of enough facts to apprise him of his rights to seek a judicial remedy.").