**AFFIRMED and Opinion Filed March 1, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00530-CV

## IN THE INTEREST OF I.F., E.F. AND F.F., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-21932**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Garcia

This case involves a suit for the dissolution of marriage referred to arbitration pursuant to a postnuptial agreement (the "Agreement"). In three issues, Malcom Fajemirokun ("Husband") argues: (i) the trial court had no authority to determine the validity of the Agreement, (ii) the trial court abused its discretion by referring the matter to arbitration because there was no valid agreement to arbitrate, and (iii) the trial court's appointment of the arbitrator was contrary to the terms of the Agreement. Concluding Husband's arguments are without merit, we affirm the trial court's judgment.

# I. Background

Husband and Lola Fajemirokun ("Wife") were married in 2010 and signed the Agreement during the marriage. The Agreement provides for binding arbitration in accordance with Texas law, including the Texas Family Code.

Wife filed a petition for divorce in 2019 and Husband filed a counterpetition. Both Parties subsequently amended their pleadings. Wife's second amended petition requested that the divorce be referred to arbitration in accordance with the Agreement.

The court conducted an evidentiary hearing on the validity of the Agreement and the requested referral to arbitration. After the hearing, the court ruled that the Agreement is valid and enforceable and signed an order referring the case to arbitration.

Both parties appeared for arbitration. After Wife rested, at Husband's direction, Husband's attorney refused to proceed. Husband provided no testimony regarding custody, possession, access to and support for the children, or division of property.

The arbitrator signed an award and Wife requested that the court confirm the award. The court conducted a hearing, confirmed the award, and entered the final decree of divorce from which Husband now appeals.

## II. Analysis

We note at the outset that Husband appears before us pro se. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied). Bare assertions of error, without argument or authority, waive error. *See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to adequately brief a complaint, he waives the issue on appeal. *Devine v. Dallas County*, 130 S.W.3d 512, 514 (Tex. App.—Dallas 2004, no pet.). Within this framework, we address Husband's issues.

## A.    The Validity of the Agreement

We understand Husband's first issue to argue the trial court had no authority to address the validity of the Agreement. Specifically, Husband's first issue states:

> The district court erred in law when it assumed jurisdiction and entertained the validity of the prenuptial agreement and made a pronouncement that the agreement was enforceable, which decision formed the basis for the judgment of the trial court.[1]

In a July 9, 2020 hearing, Wife's counsel argued the court had a duty to determine the validity of the arbitration clause before sending the case to arbitration. Husband's counsel responded that Husband disputed the validity of the entire agreement. The court noted its obligation under TEX. FAM. CODE ANN. § 6.6015 to determine the validity and enforcement of a contract with an arbitration clause, ruled that the court would determine whether to order arbitration and whether the arbitration clause is valid, and continued the hearing to a later date. Husband did not object.

The hearing resumed on July 22, 2020. Wife's counsel argued that the purpose of the hearing was to determine the validity of the arbitration clause. Husband's counsel made no opening statement, and offered no evidence, argument, or objection concerning arbitration or the scope of the hearing. Instead, Husband's evidence consisted solely of evidence challenging the validity of the entire Agreement.

---

[1] But Husband' brief also states the issue in different ways. For example, Husband also describes the issue as "The question of whether the entire postnuptial agreement as a whole was fraudulently induced was for the arbitrator **or** the court to decide." (Emphasis added). And the text that follows does not further inform our understanding of Husband's assertions of error.

—4—

Husband never argued that the court had no authority to determine the validity of the Agreement. Indeed, Husband was the one who put the validity of the Agreement before the court. Having done so, Husband cannot now complain the court had no authority to decide the validity of the Agreement, and the issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

Finally, even if the issue had been preserved, the trial court had the authority to determine the validity of the Agreement under these facts. *See* TEX. FAM. CODE ANN. §§ 6.6015, 153.00715. Husband's first issue is resolved against him.

## B. Referral to Arbitration

We understand Husband's second issue to argue the trial court abused its discretion by referring the case to arbitration.[2] But Husband did not object to arbitration per se, nor did he object to the appointment of the arbitrator. Husband did not move to stay arbitration. He appeared at the arbitration and participated until he walked out. Thus, the objection to arbitration has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

Even if the issue had been preserved, Husband's argument fails. Husband's complaint on appeal concerns the validity of the Agreement itself, not the arbitration

---

[2] To the extent Husband intended to argue otherwise, the issue is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1.

clause within the Agreement. The record, however, supports the trial court's conclusion that the Agreement is valid and enforceable.

The party contesting the validity and enforceability of a postnuptial agreement has the burden to prove that the agreement is not enforceable. *In re Eaton*, No. 02-14-00239-CV, 2014 WL 4771608 at *4 (Tex. App.—Fort Worth 2014, no pet.) (mem. op.). The Family Code sets forth the exclusive remedies and defenses against the enforcement of a partition or exchange agreement:

> (a) A partition or exchange agreement is not enforceable if the party against whom enforcement is requested proves that:
>
> (1) the party did not sign the agreement voluntarily; or
>
> (2) the agreement was unconscionable when it was signed and, before the execution of the agreement, that party:
>
> (A) was not provided a fair and reasonable disclosure of the property or financial obligations of the other party;
>
> (B) did not voluntarily and expressly waive, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided; and
>
> (C) did not have, or reasonably could not have had, adequate knowledge of the property or financial obligations of the other party.
>
> (b) An issue of unconscionability of a partition or exchange agreement shall be decided by the court as a matter of law.
>
> (c) The remedies and defenses in this section are the exclusive remedies or defenses, including common law defenses.

TEX. FAM. CODE ANN. § 4.105.

Husband's argument is that the Agreement at issue is not the agreement he signed. But he offered no evidence other than his own testimony in support of this

allegation. As the court found at the conclusion of the July 20 hearing, Husband admitted that he signed the Agreement and failed to offer into evidence any alternative agreement he claims to have signed.

Wife testified that she and Husband signed a "postnup agreement," and had ridden in the same car to the location where the Agreement was signed. The Agreement was admitted into evidence. Wife explained that she and Husband signed each page of the Agreement in front of a notary public and she witnessed Husband signing the Agreement. Both Husband and Wife provided their driver's licenses to the notary and the notary reviewed each license.

The Notary Public who acknowledged the Agreement also testified that it was her signature on the Agreement and her notary stamp. The Notary Public also testified that she listed information related to the identity of the parties in her notary book and had each party sign the book. The pages from the notary book were admitted into evidence.

Husband admitted that he traveled to the bank where the Agreement was signed with Wife. He further acknowledged that he signed a postnuptial agreement on the same date reflected on the Agreement attached to Wife's second amended petition.

Under these circumstances, the trial court did not err in concluding the Agreement is valid and enforceable. Because the Agreement required the parties to

attend binding arbitration, the trial court did not abuse its discretion by referring the parties to arbitration. We resolve Husband's second issue against him.

## C.    Appointment of the Arbitrator

Husband's third issue argues the "provisions for the appointment of the arbitrator was (sic) not complied with." But Husband fails to explain how non-compliance occurred, why he maintains it occurred, or provide citations to the record. The issue is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1; *Sullivan*, 943 S.W.2d at 486.

Moreover, the record reflects that Husband did not timely object to the arbitrator Wife proposed or to the appointment of that arbitrator by the court. He did not request that the arbitration be stayed, or in any other way bring the alleged error to the trial court's attention. Therefore, the issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1. Husband's third issue is resolved against him.

## III.    Conclusion

Having resolved all of Husband's issues against him, we affirm the trial court's judgment.

/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

210530F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF I.F., E.F. AND F.F., CHILDREN,

No. 05-21-00530-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-21932. Opinion delivered by Justice Garcia. Justices Reichek and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee recover her costs of this appeal from appellant IN THE INTEREST OF I.F., E.F. AND F.F., CHILDREN.

Judgment entered March 1, 2023