**Reversed and Modified in Part, Affirmed as Modified; and Opinion Filed June 27, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00046-CV**

**LEON THOMPSON, Appellant**
**V.**
**EARLENE O'NEAL AND DORIS BROUGHTON, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08105**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Smith

Appellant Leon Thompson, representing himself pro se, appeals the trial court's judgment ordering the sale of real property that he and appellees Earlene O'Neal and Doris Broughton owned. Raising seven issues, Thompson asks this Court to reverse the trial court's judgment and award damages and equitable relief in his favor. We reverse an award of attorney's fees to appellees, modify the judgment to remove the award of attorney's fees, and affirm the judgment as modified.

**Background**

In June 2019, appellees filed a petition for partition and sale of real property located at 223 Cliff Street in Dallas (the Property). They alleged that they owned a ninety-eight percent interest in the Property and Thompson owned a two percent interest. O'Neal also owned an adjacent tract, 227 Cliff Street, and appellees sought to sell the Property to a third party that wanted to purchase both tracts. Alleging that the Property was not subject to partition in kind, appellees requested that the trial court order the sale and that the net proceeds be divided between them and Thompson in accordance with their proportionate interests. Appellees also sought to recover from Thompson a proportional share of expenditures made for the care, maintenance, upkeep, and preservation of the Property, attorney's fees, and interest. Thompson filed an answer, generally denying appellees' allegations.

Appellees subsequently filed a summary judgment motion, seeking partition and an ordered sale of the property. The exhibits supporting the motion including an affidavit by O'Neal, stating among other things that she obtained ninety-nine percent of the Property through inheritance and Thompson owned one percent of the Property. The Property was sitting vacant, deteriorating rapidly in value, and subject to several outstanding liens. It was worth $84,000, and O'Neal had received an offer to purchase it in that amount. O'Neal, who was 102 years old and lived in a nursing home, needed the Property sold as soon as possible due to her age and health. She

–2–

further averred that Thompson had hindered the sale of the Property to ready, willing, and able buyers in the past.

Thompson responded to appellees' summary judgment motion and also filed a counterclaim for equitable reimbursement of amounts that he alleged he had paid for property taxes, interest, and fees.

On December 19, 2019, the trial court signed an interlocutory order granting the summary judgment motion, finding that the Property was not subject to partition and ordering that it be "sold to the highest bidder with proof of funds."

On July 28, 2022, the trial court signed a final judgment, which recited that the parties appeared at a July 12 hearing and announced ready for trial. After considering the pleadings, the evidence, and the arguments of counsel, the trial court found that appellees were entitled to judgment against Thompson, appellees held an ownership interest in the Property in a percentage to be determined by the title company, appellees incurred attorney's fees in the amount of $4,000 to attempt to clear title to the Property due to Thompson's failure to convey his interest in the Property, and appellees incurred significant additional costs and attorney's fees during the prosecution of this matter. The trial court ordered that the Property be sold to the highest bidder with proof of funds, citing its earlier summary judgment order, and that, at closing, appellees recover a credit of $4,000 for attorney's fees incurred in clearing title to the Property from Thompson.

Thompson filed a notice of appeal. He also filed additional motions in the trial court, including a January 10, 2023, motion for ex parte restraining order asking the trial court to overturn the judgment and enjoin appellees from selling the property. This appeal followed.

## Record on Appeal

Generally, an appellate record consists of both the clerk's and reporter's records. *See* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and reporter's record if the latter is necessary to the appeal). No reporter's record has been filed in this appeal.

On January 17, 2023, the court reporter filed a letter stating that Thompson had not submitted a request for preparation and/or a written designation for the reporter's record to be filed and had not paid for a reporter's record. The same day, we sent Thompson a letter advising that the reporter's record had not been filed and giving him ten days to provide notice that he requested preparation of the record, along with written verification that he paid or made arrangements to pay the reporter's fee or written documentation of inability to pay costs. We cautioned that if we did not receive the requested documentation within the time specified, we "may order the appeal submitted without the reporter's record." *See* TEX. R. APP. P. 37.3(c). Receiving no response, we entered an order submitting the appeal without a reporter's record on March 1, 2023.

When, as in this case, there is no reporter's record and findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain the judgment. *Lyons v. Polymathic Properties, Inc.*, No. 05-15-00408-CV, 2016 WL 3564210, at \*2 (Tex. App.—Dallas June 29, 2016, no pet.) (mem. op.); *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.). We presume the missing reporter's record supports the trial court's decisions. *Lyons*, 2016 WL 3564210, at \*2 (citing *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (per curiam) (stating that the "court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment")). Similarly, we cannot accept statements in a brief that are unsupported by the record as fact. *In re A.F.S.*, No. 05-16-01123-CV, 2018 WL 3434509, at \*2 (Tex. App.—Dallas July 17, 2018, no pet.) (mem. op.) (citing *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied)).

We recognize that Thompson is pro se; however, a pro se litigant is held to the same standards as a licensed attorney and, therefore, must comply with the applicable rules of appellate procedure. *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.*

Thompson's first, third, fourth, sixth, and seventh issues involve portions of the proceedings that were not included in the record on appeal. As explained below, we presume that the omitted portions supported the trial court's judgment.

In his first issue, Thompson complains of the trial court's failure to appoint a receiver for the sale of the Property. The docket sheet reflects that Thompson filed an application for appointment of receiver in January 2020 and a hearing on the application was set in February 2020. However, the application is not in the clerk's record and the record contains no ruling on the application.[1]

To preserve a complaint for appellate review, a party must make the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Preservation also requires: (1) an express ruling by the trial court, (2) an implicit ruling by the trial court, or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party. *Id.* 33.1(a)(2). To the extent that we might construe the trial court's final judgment as an implicit denial of Thompson's application for appointment of a receiver, the application is not before us, there is no reporter's record of a hearing on the application, and findings of fact and conclusions of law were neither requested nor filed. Accordingly, we must conclude that the trial court's judgment implies all necessary findings to sustain the

---

[1] Thompson included what appears to be a copy of the application as an exhibit to his appellate brief, but it is well-settled that we may not consider documents attached to an appellate brief that are not part of the record. *Bailey v. Lakes of Preston Vineyards Homeowners Ass'n*, No. 05-13-00146-CV, 2015 WL 224941, at *1 (Tex. App.—Dallas Jan. 15, 2015, no pet.) (mem. op.).

–6–

judgment. *See Lyons*, 2016 WL 3564210, at *2. We overrule Thompson's first issue.

In his third issue, Thompson contends he should be credited amounts he paid in taxes and fees that were assessed against the Property. We construe his argument to be that the trial court erred in determining that he was not entitled to recover on his equitable reimbursement counterclaim. As stated, we have no reporter's record to show what evidence was before the trial court at the July 12, 2022 final hearing. Accordingly, we must presume that evidence supports the judgment. *See Lyons*, 2016 WL 3564210, at *2. We overrule Thompson's third issue.

For the same reason, we must overrule Thompson's fourth and sixth issues in which he asserts, respectively, that: (1) the Property should be the subject of a probate proceeding and title transferred to the legal heirs; and (2) appellees should be ordered to sell the Property to him, pursuant to an agreement between the parties,[2] or he should be granted "a first right of refusal to purchase the Property for a price not to exceed the highest offer received." Nothing in the record before us shows that Thompson presented these arguments, or any evidence in support, to the trial court during the July 2022 hearing.

---

[2] Thompson's brief asserts that he submitted a written offer to appellees to purchase the Property, but the only evidence he cites in support is a document attached to the ex parte motion for restraining order that he filed in January 2023, more than five months after the trial court signed the final judgment. Also, he cites to no record evidence to show appellees' agreement.

Thompson lists a seventh issue regarding whether this Court should "enforce a sale already in escrow" between him and appellees. It is unclear if this "sale" relates to the agreement that Thompson refers to in his sixth issue. In any event, he presents no argument on this issue in his brief. To present an issue to this Court, a party's brief shall contain, among other things, a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i); *Washington*, 362 S.W.3d at 854–55. Bare assertions of error, without argument or authority, waive error. *See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied). Because Thompson has not adequately briefed this issue, he has waived it on appeal. *Washington*, 362 S.W.3d at 854–55. Accordingly, we will not consider his seventh issue.

### Ex Parte Motion for Restraining Order

In his second issue, Thompson complains of the trial court's failure to rule on his January 10, 2023 ex parte motion requesting that the trial court overturn the judgment and enjoin appellees from selling the property.

Generally, a trial court lacks power to act in a case after its plenary power expires. *In re Lopez*, Nos. 05-22-00793-CV, 05-22-00794-CV, 2022 WL 17261156, at *3 (Tex. App.—Dallas Nov. 29, 2022, orig. proceeding) (mem. op.). A judicial action taken after plenary power expires is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). By default, a trial court's plenary power expires thirty days after the final judgment is signed. TEX. R. CIV. P. 329b(d).

Here, the trial court's final judgment was signed on July 28, 2022. No appropriate motion to extend the trial court's plenary power was filed within thirty days of the judgment. *See* TEX. R. CIV. P. 329b(e), (g). Accordingly, the trial court's plenary jurisdiction expired on August 29, 2022, *see* TEX. R. CIV. P. 329b(d), and it lacked power to act on Thompson's subsequently-filed ex parte motion. *See* TEX. R. CIV. P. 329b(f) (explaining the limited actions a court may take after plenary power expires). Therefore, we must conclude the trial court did not err in failing to rule on the motion. We overrule Thompson's second issue.

## Attorney's Fees

In his fifth issue, Thompson contends that the trial court erred in awarding attorney's fees to appellees. Appellees agree.

Appellees sought and obtained a judgment in a suit for partition. Generally, a party in a partition suit is not entitled to recover attorney's fees because there is no statutory authorization for the award of fees. *Barlow v. Richardson*, No. 05-21-00844-CV, 2023 WL 195419, at *3 (Tex. App.—Dallas Jan. 17, 2023, no pet.) (mem. op.); *Morris v. Hudson*, No. 12-16-00114-CV, 2017 WL 2665181, at *5 (Tex. App.—Tyler June 21, 2017, pet. denied) (mem. op.); *see also* TEX. PROP. CODE ANN. § 23.001–.005 (partition statutes). Accordingly, we likewise conclude that the trial court erred in award appellees $4,000 in attorney's fees to be paid from Thompson's proceeds from the Property's sale. We sustain his fifth issue.

## Conclusion

We reverse the award of $4,000 in attorney's fees to appellees, modify the judgment to remove the award of attorney's fees, and affirm the judgment as modified.

/Craig Smith/
CRAIG SMITH
JUSTICE

230046F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEON THOMPSON, Appellant

No. 05-23-00046-CV     V.

EARLENE O'NEAL AND DORIS
BROUGHTON, Appellees

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08105.
Opinion delivered by Justice Smith.
Justices Miskel and Breedlove
participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's award of $4,000.00 in attorney's fees to appellees EARLENE O'NEAL AND DORIS BROUGHTON and **MODIFY** the judgment to remove the award of attorney's fees. We **AFFIRM** the judgment as modified.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 27th day of June 2024.