



## OPINION

No. 04-11-00926-CV

**RIVERWALK CY HOTEL PARTNERS, LTD.**,
Appellant

v.

**AKIN GUMP STRAUSS HAUER & FELD, LLP**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-19061
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 14, 2012

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Riverwalk CY Hotel Partners, Ltd. sued Akin Gump Strauss Hauer & Feld, LLP for legal malpractice, asserting both breach of fiduciary duty and negligence claims. The trial court granted Akin Gump's motion for a partial summary judgment on Riverwalk's breach of fiduciary duty claim. The motion asserted that Riverwalk could not "fracture" its legal malpractice claim into an additional cause of action for breach of fiduciary duty. The trial court also granted Akin Gump's motion for summary judgment on Riverwalk's negligence claim based on limitations.

Riverwalk contends the trial court erred in granting the summary judgments because: (1) Akin Gump's motion did not address all of the grounds alleged as a basis for Riverwalk's breach of fiduciary duty and negligence claims; (2) the breach of fiduciary duty claim did not "fracture" Riverwalk's legal malpractice claim; (3) the only evidence submitted in support of the breach of fiduciary duty claim was inadmissible; and (4) Akin Gump did not establish its limitations defense as a matter of law because limitations was tolled by the discovery rule or the *Hughes* tolling rule. We reverse the trial court's judgment as to Riverwalk's negligence claim and portions of Riverwalk's breach of fiduciary duty claim, and we remand those claims to the trial court for further proceedings. We affirm the remainder of the trial court's judgment.

## BACKGROUND

In 2005, Akin Gump began representing Riverwalk in connection with Riverwalk's acquisition of a tract of land upon which Riverwalk intended to build a hotel. After acquiring the land, Riverwalk contracted with Lyda Swinerton Builders, Inc. for the hotel's construction.

In July of 2006, Lyda and Riverwalk were sued by Auburn Investments, Inc., the owner of an adjacent hotel, for trespass, tortious interference with prospective relations, and nuisance. The claims were based on allegations pertaining to the dust, debris, and noise generated by the construction. Akin Gump was retained to represent both Riverwalk and Lyda in the lawsuit, and Riverwalk signed a conflicts waiver in relation to the joint representation.

In October of 2008, Riverwalk was represented by a different attorney, David Peden, in connection with a mediation between Riverwalk and Lyda regarding the completion of the hotel construction project. On October 2, 2008, Peden and Riverwalk's principal, Richard Finvarb, called Janie Shannon, one of the Akin Gump attorneys representing Riverwalk in the Auburn lawsuit. Peden demanded to know why Akin Gump had not tendered the defense of the Auburn

lawsuit to Lyda's insurance carrier under the terms of the construction agreement between Riverwalk and Lyda. A few months after this phone call, the defense of the Auburn lawsuit was tendered to Lyda's insurance carrier, and the lawsuit eventually settled sometime after Riverwalk sued Akin Gump for legal malpractice.

In its lawsuit against Akin Gump, Riverwalk alleged claims for negligence and breach of fiduciary duty. As previously noted, the trial court granted summary judgment as to all of Riverwalk's claims.

## STANDARD OF REVIEW

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## NEGLIGENCE

Riverwalk contends the trial court erred in granting summary judgment with regard to its negligence claim because: (1) the motion did not address each act of negligence alleged in its petition; and (2) Akin Gump did not properly plead or negate the *Hughes* tolling rule or the discovery rule. Because we hold the trial court erred in granting the summary judgment as to Riverwalk's negligence claim based on the *Hughes* tolling rule, we do not address the other issues raised by Riverwalk with regard to its negligence claim. *See* TEX. R. APP. P. 47.1.

**A.     Whether Negation of the Discovery Rule and the *Hughes* Tolling Rule Was Properly Raised by Akin Gump**

Before addressing the merits of the *Hughes* tolling rule, Riverwalk asserts Akin Gump procedurally failed to negate the application of either the discovery rule or the *Hughes* tolling rule because Akin Gump did not amend or supplement its motion after Riverwalk raised these defenses in a supplemental petition filed after Akin Gump filed its motion. Therefore, Riverwalk asserts the defenses were not properly addressed in the summary judgment proceeding.

A defendant's motion for summary judgment based on limitations need not negate the discovery rule unless the plaintiff has pleaded it. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006). When a plaintiff asserts the discovery rule for the first time in a summary judgment response, the defendant has two choices: (1) object that the discovery rule has not been pleaded; or (2) respond on the merits and try the issue by consent. *Id*. If the defendant elects to follow the second alternative, the discovery rule's applicability is placed squarely before the trial and appellate courts. *Id*. We apply this same rule with regard to the *Hughes* tolling rule.

In this case, Riverwalk raised the discovery rule and *Hughes* tolling rule in its summary judgment response and in a supplemental petition that were simultaneously filed. Akin Gump addressed the merits of both rules in its reply to Riverwalk's response. Therefore, Akin Gump responded on the merits, and the issue was tried by consent. *Id*. Accordingly, the applicability of both rules was placed squarely before the trial court and this court. *Id*.

**B.     *Hughes* Tolling Rule**

Riverwalk contends the *Hughes* tolling rule applies whenever the alleged malpractice occurs in connection with litigation. Akin Gump counters that the *Hughes* tolling rule applies only when the attorney's alleged error results in litigation or directly affects the client's position in pending litigation.

In *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 155 (Tex. 1991), the Texas Supreme Court addressed "the proper application of the statute of limitations in a legal malpractice case when the attorney allegedly commits malpractice while providing legal services in the prosecution or defense of a claim which results in litigation." In that case, Robert M. Mahaney, an attorney who was retained by James and Patti Hughes to assist them with an adoption, obtained a signed affidavit of relinquishment of parental rights from the child's biological mother that named Mahaney, as opposed to the Hughes, as the child's temporary managing conservator. *Id.* The Hughes filed a lawsuit to terminate the mother's rights and adopt the child; however, the biological mother had a change of heart and filed a motion to dismiss the Hughes' lawsuit. *Id.* The motion to dismiss alleged the Hughes lacked standing to bring the suit because they were not named in the affidavit as the temporary managing conservators. *Id.* The trial court denied the motion; however, the appellate court reversed, holding the Hughes lacked standing. *Id.* at 156. The application for writ of error challenging the appellate court's holding was denied, and the motion for rehearing on the application was overruled on July 10, 1985. *Id.*

On May 21, 1987, the Hughes sued Mahaney for legal malpractice, alleging they would have had standing if they had been named temporary managing conservators in the affidavit. *Id.* Mahaney filed a motion for summary judgment based on limitations, arguing the malpractice cause of action accrued as early as February 17, 1983, the date the biological mother revoked her affidavit of relinquishment. *Id.* at 157. The Texas Supreme Court concluded that the statute of limitations was tolled until all of the Hughes' appeals in the termination action were exhausted regardless of when the cause of action accrued. *Id.* at 156.

The court held "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the

attorney is tolled until all appeals on the underlying claim are exhausted." *Id*. at 157. The court gave two justifications or policy reasons for its holding. *Id*. First, requiring the Hughes to file the malpractice lawsuit while the termination/adoption proceeding was still pending would require the Hughes to take "inherently inconsistent positions" by arguing that Mahaney's actions were negligent in the malpractice case while also arguing that the affidavit and Mahaney's actions did not affect their standing in the termination/adoption case. *Id*. Second, limitations must be tolled for the malpractice cause of action because the viability of the malpractice cause of action was dependent on the outcome of the termination/adoption proceeding. *Id*. If the courts ultimately held that the affidavit did not affect the Hughes' standing, the Hughes would not have a malpractice claim.

Akin Gump focuses on the use of the phrase "that results in litigation" in the holding in *Hughes* to contend that the tolling rule applies only when the attorney's alleged error results in litigation. Two subsequent cases decided by the Texas Supreme Court in 2001, however, demonstrate that the *Hughes* tolling rule is not so limited.

In *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 118 (Tex. 2001), the Texas Supreme Court "reexamine[d] when the statute of limitations in a legal-malpractice cause should be tolled." In that case, an attorney was sued for mishandling the defense of a maritime personal-injury lawsuit. *Id*. at 119. Specifically, the attorney failed to file a timely maritime limitation-of-liability pleading which would have imposed a limit on the amount of damages that could be recovered by the plaintiff. *Id*. Ultimately, a judgment was rendered on a jury verdict for an amount in excess of the limit that would have been imposed if the attorney had timely filed the maritime- limitation pleading. *Id*. The case was settled on appeal. *Id*.

When Apex sued the attorney for malpractice, the attorney contended that limitations began to run at least by the date of the settlement. *Id.* The Texas Supreme Court, however, held that limitations was tolled until the court of appeals issued its order on May 19, 1995, dismissing the pending appeal based on the settlement. *Id.* at 123. Since Apex filed its malpractice lawsuit within two years of that date, the lawsuit was timely filed. *Id.*

In reaching its holding in *Apex*, the Texas Supreme Court noted the two policy considerations articulated in *Hughes* to support tolling, namely: (a) a client should not have to adopt inherently inconsistent postures in the underlying case and the malpractice case; and (2) the viability of the malpractice case depends on the outcome of the underlying litigation. 41 S.W.3d at 121. The court further noted that it had elaborated on the first policy in a subsequent case when it stated "that attorney-client trust would be eroded if the client had to scrutinize every stage of the case for possible missteps." *Id.* (citing *Sanchez v. Hastings*, 898 S.W.2d 287, 287 (Tex. 1995)). Noting that the tolling rule adopted in *Hughes* is not universally followed in other states, the court asserted that it continued to believe bright-line rules in the area of limitations represent the better approach. *Id.* at 122. The court concluded, "without re-examining whether the policy reasons behind the tolling rule apply in each legal-malpractice case matching the *Hughes* paradigm, courts should simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition." *Id.* The court then held, "In this case, Apex alleges that [the attorney] committed malpractice while defending Apex in the underlying personal-injury litigation. The *Hughes* rule thus applies to this case." *Id.* at 123.

Thus, in reaching its holding in *Apex*, the court did not analyze whether the alleged malpractice resulted in litigation, noting only that the malpractice was committed while defending the client in the underlying litigation. Similarly, in *Underkofler v. Vanasek*, decided

the same day as *Apex*, the court held, "Vanasek's malpractice claims arise out of the underlying litigation on the note. Under *Hughes*, limitations was therefore tolled until the underlying litigation was concluded…." 53 S.W.3d 343, 346 (Tex. 2001). Moreover, in *Underkofler*, the court approved the intermediate appellate court's application of *Hughes*, wherein the intermediate appellate court held *Hughes* applied because "Vanasek sued Underkofler claiming that Underkofler committed legal malpractice while providing legal services in the context of litigation." *Vanasek v. Underkofler*, 50 S.W.3d 1, 13-14 (Tex. App.—Dallas 1999), *aff'd in part, rev'd in part*, *Underkofler v. Vanasek*, 53 S.W.3d 343 (Tex. 2001).

In the instant case, we hold the *Hughes* tolling rule applies because: (1) Riverwalk alleges Akin Gump "committed malpractice while defending" Riverwalk in the Auburn lawsuit; (2) Riverwalk's malpractice claims "arise out of" the Auburn lawsuit; and (3) Akin Gump allegedly "committed legal malpractice while providing legal services in the context of litigation." Akin Gump also argues that the alleged malpractice was not committed in the prosecution or defense of a claim because the failure to tender the defense to Lyda's insurance carrier did not affect Riverwalk's legal posture with regard to Auburn. As pronounced by the Texas Supreme Court, the *Hughes* rule contains no requirement that the alleged malpractice adversely affect the client's position in the pending litigation, and we refuse to add such a requirement to the rule.

Based on the applicability of the *Hughes* tolling rule, the trial court erred in granting summary judgment as to Riverwalk's negligence claim. Accordingly, we reverse the summary judgment as to the negligence claim.

## BREACH OF FIDUCIARY DUTY

With regard to its breach of fiduciary duty claim, Riverwalk contends that it amended its pleading after Akin Gump filed its motion for summary judgment, adding additional acts that

resulted in a breach of fiduciary duty that Akin Gump's motion did not address. Riverwalk also contends that the trial court erred in concluding that its pleadings were attempting to impermissibly fracture its legal malpractice claim. Finally, Riverwalk asserts the trial court erred in granting summary judgment because the interrogatory answer Akin Gump attached as evidence to its motion was amended prior to the summary judgment hearing.

## A. Amendment of Pleadings/Fracturing of Legal Malpractice Claim

### 1. General Law Regarding Fracturing of Legal Malpractice Claim

"The rule against dividing or fracturing a negligence claim prevents legal-malpractice plaintiffs from opportunistically transforming a claim that sounds only in negligence into other claims." *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex. App.—Houston [14th Dist.] 2002, no pet.). If the gist of a client's complaint is that the attorney failed to exercise the degree of care, skill, or diligence that attorneys of ordinary skill and knowledge commonly possess, then the legal malpractice claim is based on negligence. *See Aiken v. Hancock*, 115 S.W.3d 26, 28 (Tex. App.—San Antonio 2003, pet. denied); *Deutsch*, 97 S.W.3d at 189. Such a claim encompasses a cause of action based on an attorney giving a client bad legal advice or otherwise improperly representing the client. *Aiken*, 115 S.W.3d at 28; *see also Murphy v. Gruber*, 241 S.W.3d 689, 692-93 (Tex. App.—Dallas 2007, pet. denied).

If, however, the claim is more appropriately classified as another claim, then the client can assert a claim other than negligence. *Deutsch*, 97 S.W.3d at 189. For example, if the claim focuses on an attorney obtaining an improper benefit, as opposed to the attorney failing to adequately represent the client, then the claim may appropriately be classified as a breach of fiduciary duty claim. *Murphy*, 241 S.W.3d at 693; *Aiken*, 115 S.W.3d at 28. A breach of fiduciary duty occurs when an attorney, among other things, subordinates his client's interest to

his own, retains the client's funds, engages in self-dealing, improperly uses client confidences, fails to disclose conflicts of interest, or makes misrepresentations to achieve these ends. *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex. App.—Fort Worth 2002, pet. denied). Unlike conflicts of interest between jointly represented clients, the types of conflicts of interest which could give rise to a breach of fiduciary duty are those in which the lawyer has a direct pecuniary interest in the litigation that is adverse to the client, and the attorney pursues his own interest to the client's detriment. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 436 (Tex. App.—Austin 2009, no pet.).

"Whether allegations against a lawyer, labeled as breach of fiduciary duty, fraud, or some other cause of action, are actually claims for professional negligence or something else is a question of law to be determined by the court." *Murphy*, 241 S.W.3d at 692. "Our review of a decision of a question of law is de novo." *Id*.

### 2. *Unaddressed Allegations*

Riverwalk initially contends that its amended pleadings added additional breach of fiduciary duty allegations that were not addressed in Akin Gump's motion. As a general rule, granting a summary judgment on a claim not addressed in the summary judgment motion is reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Any error in granting summary judgment on a cause of action not expressly presented by written motion is harmless, however, when the omitted cause of action is precluded as a matter of law by other grounds raised in the motion. *Id*. at 298. Thus, if the amended pleading merely asserted additional allegations labeled as breach of fiduciary duty that were additional efforts to fracture its professional negligence claim, the summary judgment would not be subject to reversal based on a failure to address the additional allegations.

### 3. *Intentionally Failing to Tender Defense to Insurance Carrier*

Riverwalk contends that its claim that Akin Gump intentionally failed to tender the defense of the Auburn lawsuit to the insurance carrier is separate from its claim that Akin Gump's failure to tender the defense fell below the applicable standard of care, constituting negligence. In its petition, Riverwalk specifically alleged that "Akin Gump was aware of the contractual provisions requiring Lyda to indemnify Riverwalk, and was aware of the existence of insurance coverage, and that the defense of the Auburn suit could have, and should have, been tendered to Lyda's insurance carrier; however, Akin Gump intentionally withheld tendering this case to the insurance company because it would have deprived them of an extremely lucrative employment arrangement." Riverwalk alleged "Akin Gump put its interest in collecting excessive legal fees above its client's interest" and improperly benefitted by "subordinating the client's interests of utilizing the insurance coverage it had paid for."

In *Latham v. Castillo*, 972 S.W.2d 66 (Tex. 1998), the Texas Supreme Court addressed whether a legal malpractice claim was impermissibly fractured in a case involving claims similar to the instant case. In *Latham*, Ernest and Audona Castillo sued their attorney, B. Mills Latham, alleging he failed to file a medical malpractice claim before the limitations period had run. 972 S.W.2d at 67. In addition to alleging Latham missed the limitations date, the Castillos also alleged that Latham "affirmatively represented to them that he had filed and was actively prosecuting the medical malpractice claim." *Id.* In rejecting Latham's argument that the second claim was essentially a "dressed-up legal malpractice claim," the court asserted:

> If the Castillos had only alleged that Latham negligently failed to timely file their claim, their claim would properly be one for legal malpractice. However, the Castillos alleged and presented some evidence that Latham affirmatively misrepresented to them that he had filed and was actively

prosecuting their claim. It is the difference between negligent conduct and deceptive conduct.

*Id*. at 69.

This same logic applies in the instant case. If Riverwalk had only alleged that Akin Gump negligently failed to recognize that insurance coverage existed and therefore negligently failed to tender the defense of the Auburn lawsuit to the insurance carrier, Riverwalk's claim would have been simply a claim for legal malpractice. However, Riverwalk alleged that Akin Gump knew about the insurance coverage and intentionally failed to tender the defense. Like in *Latham*, this "is the difference between negligent conduct and deceptive conduct." *Id*.; *see also Trousdale v. Henry*, 261 S.W.3d 221, 232 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (rule against fracturing inapplicable where plaintiff alleged attorney negligently allowed her case to be dismissed and breached its fiduciary duty by intentionally failing to disclose the case was dismissed while continuing to demand and accept payment for services which involves allegations of deception); *Archer v. Medical Protective Co.*, 197 S.W.3d 422, 427-28 (Tex. App.—Amarillo 2006, pet. denied) (claim not fractured where negligence claim related to quality of attorney's performance while breach of fiduciary duty claim concerned the attorney's pursuit of his own pecuniary interest over the interests of the client).

Therefore, we hold the trial court erred in granting summary judgment as to Riverwalk's breach of fiduciary duty claim alleging that Akin Gump intentionally withheld tendering the defense of the Auburn lawsuit to the insurance company, despite its knowledge of the existence of insurance coverage, in order to collect legal fees.

### 4. *Excessive Fees*

In its amended pleading, Riverwalk specifically alleged that some of the legal fees charged by and paid to Akin Gump were "almost double the hourly rates set forth in Riverwalk's

only written fee agreement with Akin Gump, and were excessive and unreasonable." Riverwalk also alleged that "Akin Gump grossly overworked this file, and that its fees were unreasonable." Riverwalk further alleged, "Akin Gump charged Riverwalk excessive fees, billed Plaintiff for work that was not necessary, [and] provided legal services in a manner intended to unnecessarily increase the scope of litigation and related activities to increase its billings …." Finally, Riverwalk asserted that it was alleging "a separate claim regarding the integrity of Akin Gump's billing practices."

In *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 481-82 (Tex. App.—Dallas 1995, writ denied), the plaintiff asserted a claim that the attorneys charged excessive time on certain legal matters and billed for work that was unnecessary. The court construed these pleadings as an allegation that the attorneys committed fraud in the manner in which they billed the plaintiff. *Id*. at 482. The attorneys asserted that the fraud claim was a negligence claim based on the attorneys' mishandling of the case which resulted in damages in the form of excessive fees and unsatisfactory results. *Id*. In resolving the issue, the court noted decisions from two other appellate courts which distinguished between an action for negligent legal practice and one for fraud allegedly committed by an attorney relating to the establishing and charging of fees for legal services. *Id*. The court concluded that although the case did involve claims pertaining to the quality of the legal services, it also included a claim regarding the integrity of the attorneys' billing practices. *Id*. at 483. Thus, the court concluded that the plaintiff properly alleged a separate claim for fraudulent billing practices. *Id*.; *see also Murphy v. Gruber*, 241 S.W.3d 689, 695 (Tex. App.—Dallas 2007, pet. denied) (reaffirming *Sullivan* and acknowledging that a client may have a separate fraud claim where the client alleges a claim pertaining to the integrity of an attorney's billing practices).

Akin Gump relies on the Austin court's holding in *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416 (Tex. App.—Austin 2009, no pet.), to counter Riverwalk's reliance on *Sullivan.* In *Beck*, the clients alleged a claim of breach of fiduciary duty based on the attorneys' failure to disclose the alcohol and substance abuse of the lead attorney on the case. 284 S.W.3d at 431. The clients contended that their claim for breach of fiduciary duty was separate from a negligence claim because they would not have initiated or continued the representation if they had known of the condition. *Id.* at 433. By failing to disclose the condition and continuing the representation, the clients alleged the attorneys were "committing the sort of subordination of their client's interests to their own that distinguishes a breach-of-fiduciary-duty claim." *Id.*

The Austin court disagreed that the mere fact that the attorneys "might have had an expectation of fees from continuing to represent [the clients] — a factor present in virtually every attorney-client relationship — [could] convert [the clients'] negligence claim into [a] breach-of-fiduciary-duty claim." *Id.* First, the court reasoned that the expectation of fees from continuing the representation, without more, does not support an inference that the attorneys' failure to disclose the condition was motivated by an intent to obtain those fees. *Id.* The court noted the nondisclosure was equally consistent with a more general aversion to revealing those sorts of discomforting personal facts to others. *Id.* More importantly, the court noted that whether the attorneys received fees or an improper benefit was not the focus of the clients' complaint regarding the undisclosed abuse. *Id.* at 433-34. Instead, their claim focused on whether the abuse caused or contributed to the attorneys' failure to exercise a reasonable standard of care when providing legal services. *Id.* at 434.

We find the *Beck* opinion to be distinguishable. In *Beck*, unlike in *Sullivan*, no allegation was made that the fees charged by the attorneys were excessive or that fees were charged for unnecessary services. In the instant case, Riverwalk's pleadings contain an allegation similar to *Sullivan* challenging the integrity of Akin Gump's billing practices. Therefore, we hold Riverwalk's allegations challenging the integrity of Akin Gump's billing practices can be brought as a separate breach of fiduciary duty claim.

### 4. *Other Breach of Fiduciary Duty Allegations*

With the exception of the two breach of fiduciary allegations previously addressed involving Akin Gump's intentional failure to tender Riverwalk's defense to the insurance carrier and Akin Gump's excessive billing, we have been unable to identify any other breach of fiduciary duty allegations that are not based on Akin Gump giving bad legal advice or otherwise improperly representing Riverwalk. Allegations that an attorney has given bad legal advice or otherwise improperly represented the client are encompassed within Riverwalk's negligence claim. *See Aiken*, 115 S.W.3d at 28; *see also Murphy*, 241 S.W.3d at 698 (allegations relating to improper legal advice regarding conflicts of interest between jointly represented clients relate to quality of representation and constitute a professional negligence claim). Accordingly, the trial court properly granted summary judgment as to the breach of fiduciary duty allegations with the exception of those allegations involving Akin Gump's intentional failure to tender the defense and its excessive billing.

## B. Interrogatory Answer

Riverwalk also asserts that summary judgment was improper because Akin Gump attached an interrogatory answer to its motion as evidence which Riverwalk amended before the hearing. First, as previously noted, the issue of whether Riverwalk impermissibly fractured its

negligence claim is a question of law based on the pleadings, not based on any evidence attached to Akin Gump's motion. *Murphy*, 241 S.W.3d at 692. Second, Akin Gump accurately responds that Riverwalk did not object to the evidence, so any objection was waived. Accordingly, this issue is overruled.

## CONCLUSION

The trial court's judgment is reversed as to Riverwalk's negligence claim and its breach of fiduciary duty claim alleging that Akin Gump: (1) intentionally withheld tendering the defense of the Auburn lawsuit to the insurance carrier; and (2) overworked the file and charged excessive fees, and those claims are remanded to the trial court for further proceedings. The remainder of the trial court's judgment is affirmed.

Catherine Stone, Chief Justice