# NO. 12-07-00427-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NOLAN VANCE HOLLOWAY,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 145TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *TEXAS ELECTRIC UTILITY*<br>*CONSTRUCTION, LTD. AND*<br>*DEEP EAST TEXAS*<br>*ELECTRICAL COOPERATIVE,*<br>*APPELLEES* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

## *OPINION*

Nolan Vance Holloway appeals the trial court's entry of no evidence summary judgments in favor of Appellees Texas Electric Utility Construction, Ltd. ("Texas Electric") and Deep East Texas Electric Cooperative ("DETEC") respectively. In two issues, each of which contain numerous subissues, Holloway argues that the trial court erroneously granted Texas Electric's and DETEC's no evidence motions for summary judgment. We affirm in part and reverse and remand in part.

## BACKGROUND

Holloway was injured while working on high voltage electric transmission lines owned by DETEC. At the time of his injury, Holloway was using an all terrain aerial lift bucket vehicle known as a "rollagon" to remove a nonenergized guy wire that was no longer needed. Holloway sustained severe electrical injury when the rollagon's aerial bucket arm unexpectedly moved upward, pushing his neck and chin into an energized line.

Holloway filed the instant lawsuit alleging that Texas Electric negligently supplied the defective rollagon to his employer, InfraSource Underground Construction Services, LLC, or, alternatively, negligently left the rollagon on the work site with the keys in it when it was foreseeable

that InfraSource employees would use the rollagon.  Holloway further alleged that DETEC negligently exercised its contractual right to determine whether the lines would be energized or de-energized while he performed the work in question.

Subsequently, Texas Electric and DETEC each filed no evidence motions for summary judgment, to which Holloway responded.  Ultimately, the trial court granted both Texas Electric's and DETEC's no evidence motions for summary judgment.  This appeal followed.

### STANDARD OF REVIEW AND GOVERNING LAW

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i).  The motion must state the elements as to which there is no evidence.  *Id.* Once a no evidence motion has been filed in accordance with rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence.  *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316–17 (Tex. App.–Houston [14th Dist.] 1999, no pet.).  A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial.  *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists.  *See Havner*, 953 S.W.2d at 711.  Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence.  *See Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

On appeal, we will uphold a no evidence summary judgment only if the summary judgment record reveals no evidence of the challenged element, i.e., (a) there is a complete absence of evidence as to the challenged element; (b) the evidence offered to prove the challenged element is no more than a mere scintilla; (c) the evidence establishes conclusively the opposite of the challenged element; or (d) the court is barred by rules of law or of evidence from giving weight to the only

2

evidence offered to prove the challenged element. *See Taylor-Made Hose, Inc. v. Wilkerson*, 21 S.W.3d 484, 488 (Tex. App.–San Antonio 2000, pet. denied) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)).

## TEXAS ELECTRIC'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

In his first issue, Holloway argues that the trial court erred in granting Texas Electric's no evidence motion for summary judgment. Texas Electric contends that Holloway failed to respond to one of the no evidence grounds it raised in its motion. Specifically, Texas Electric argues that Holloway failed to respond to its allegation that there was "no evidence that any act or omission of [Texas Electric] was a proximate cause of the accident and/or [Holloway's] alleged injuries."

When a party files a no evidence motion for summary judgment in compliance with rule 166a(i), the nonmovant has the burden to bring forth evidence that raises a fact issue on the challenged evidence. *See Macias*, 988 S.W.2d at 316–17. To defeat a no evidence motion for summary judgment, the response need only point out evidence that raises a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i) cmt.; *P-K Charter, Inc. v. Tumche Corp.*, No. 02-06-00350-CV, 2007 WL 3037743, at *1 (Tex. App.–Fort Worth Oct. 18, 2007, no pet.) (mem. op.). Issues not expressly presented to the trial court by written motion, answer, or other response cannot be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c); *Tumche Corp.*, 2007 WL 3037743, at *1; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).[1]

## Proximate Cause

To prove a negligence cause of action, the plaintiff must establish that the defendant's breach proximately caused the plaintiff's injury. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The components of proximate cause are (1) cause in fact and (2) foreseeability. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).

### *Cause in Fact*

The test for cause in fact is whether the negligent act or omission was a substantial factor in

---

[1] "Written motion, answer, or other response," as applied to traditional motions for summary judgment, applies equally to no evidence motions for summary judgment. *See LaRue v. Chief Oil & Gas, L.L.C.*, 167 S.W.3d 866, 876 (Tex. App.–Fort Worth 2005, no pet.).

bringing about the injury and without which the injury would not have occurred. *Id.* Cause in fact must be proved by evidence of probative force and not by mere conjecture, guess, or speculation. *See Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996). The evidence must be sufficient for the jury to determine within a reasonable probability that the plaintiff's injury would not have occurred without the defendant's negligence. *See Lenger v. Physician's Gen., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970). Cause in fact is not shown when the defendant's conduct is too remotely connected with the plaintiff's injury to constitute legal causation. *See Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).

*Foreseeability*

To prove foreseeability, the plaintiff must establish that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549–50 (Tex. 1985). Foreseeability does not require a person to foresee the particular accident or injury that, in fact, occurs. *See Travis*, 830 S.W.2d at 98. Foreseeability requires only that (1) the injury be of such a general character as might reasonably have been anticipated, and (2) the injured party be so similarly situated in relation to the wrongful act that the injury to him or to someone similarly situated might reasonably have been foreseen. *See Nixon*, 690 S.W.2d at 551. The question of foreseeability involves a practical inquiry based on "common experience applied to human conduct." *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987). It asks whether the injury might reasonably have been contemplated as a result of the defendant's conduct. *See id.*

**Adequacy of Response**

To qualify as an adequate response under rule 166a(i), the nonmovant must, at the very minimum, provide some form of discussion that raises issues of material fact on the challenged elements. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207–08 (Tex. 2002). In *Johnson*, the supreme court held that the nonmovant's response was adequate because it provided both argument and evidence to support its claims. *See id*. The court noted that in the facts section, the nonmovant had at least one sentence that alleged a conspiracy claim. *Id.* at 207. Further, the nonmovant provided some argument in a section entitled "There are Genuine Issues of Material Fact that Preclude the Granting of Summary Judgment." *Id.* In that section, the nonmovant stated that

4

its claims of conspiracy, conversion, actual and constructive fraud, and negligence were based on a breach of fiduciary duty. *Id*. The nonmovant went on to provide argument and authorities to support its position that the movant owed a fiduciary duty. *Id*. Additionally, the nonmovant pointed the court to facts that established a fiduciary duty and a breach of that duty. *Id*. The supreme court held that whether the nonmovant adequately pointed out evidence relating to challenged elements of the conspiracy cause of action was a close question, but that the nonmovant nonetheless satisfied the minimum requirements. *Id*. at 207–08.

In the case at hand, after repeated readings of Holloway's response, we cannot locate any discussion of the element of proximate cause that points out evidence that raises a fact issue on that element. As such, we conclude that Holloway's response is inadequate for its failure to address the challenged element of proximate cause, either generally or as to its subcomponents of cause in fact and foreseeability. The response dedicates at least six pages to the element of duty and briefly addresses the element of breach. Yet it abruptly concludes following the section on "breach" with a prayer for relief.

**Summation**

The requirements imposed upon the parties by rule 166a(i) are plain. Rule 166a(i) was enacted over eleven years ago and has not been amended since its adoption. The interpretations of its language and the comment to the rule, particularly with regard to the nonmovant's burden when faced with a no evidence motion for summary judgment, have been largely consistent; the nonmovant must file a written response that points out evidence that raises a fact issue on the challenged elements. Because Holloway failed to meet his burden under rule 166a(i), we hold that the trial court properly granted Texas Electric's no evidence motion for summary judgment. Holloway's first issue is overruled.

### DETEC'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

In his second issue, Holloway argues that the trial court erred in granting DETEC's no evidence motion for summary judgment. Holloway initially contends that DETEC's no evidence motion was legally insufficient because DETEC failed to allege that there was no evidence of any elements of Holloway's cause of action, but rather sought to disprove elements of Holloway's cause of action by submitting allegedly undisputed evidence.

5

**Legal Sufficiency of No Evidence Motions for Summary Judgment**

Summary judgments must stand on their own merits. *Cuyler v. Minns*, 60 S.W.3d 209, 212 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). As set forth previously, a no evidence motion for summary judgment must state the elements as to which the movant contends there is no evidence. *See Callaghan Ranch, LTD. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2001, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense; conclusory motions or general no evidence challenges to an opponent's case are not authorized. *Id*. If a no evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law and may be challenged for the first time on appeal. *Id*.; *see also Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex. App.–Dallas 2002, no pet.); *Minns*, 60 S.W.3d at 213.[2]

In the case at hand, DETEC filed a single instrument that requested summary judgment both under rule 166a(a) as well as rule 166a(i).[3] DETEC's filing contained three sections entitled "Point I," "Point II," and "Point III" respectively.

*Point I*

In Point I, DETEC argued that it neither owed nor breached a duty to Holloway because of the independent contractor status of Holloway's employer, InfraSource. DETEC next set forth what it claimed were undisputed facts supporting its contention. Thereafter, DETEC discussed authority concerning a general contractor's limited duty over a subcontractor where the general contractor retains control over the subcontractor's methods of work or operative details so that the subcontractor is not entirely free to do the work in his own way. *See Koch Refining Co. v. Chapa*,

---

[2] We have previously addressed whether a party was required to preserve by special exception a complaint that a no evidence motion for summary judgment failed to satisfy the requirements of rule 166a(i). *See Flory v. Daimler Chrysler Corp.*, No. 12-02-00270-CV, 2003 WL 22872407, at *1 n.2 (Tex. App.–Tyler Dec. 3, 2003, pet. denied) (mem. op. on reh'g). In *Flory*, we determined that such an issue could be waived. *Id.* However, we did not base our holding in that case on waiver and specifically noted that the appellee's no evidence motion for summary judgment complied with rule 166a(i). *Id.* Upon further consideration, and in light of the holdings of our sister courts of appeals in cases such as *Killam*, *Crocker*, and *Minns*, we hold that the legal sufficiency of a no evidence motion for summary judgment can be challenged for the first time on appeal.

[3] It has been often noted that although Texas Rule of Civil Procedure 166a does not prohibit the presentation of a combination traditional and no evidence motion, the better practice is to file two separate motions. *See, e.g., Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004); *Cook-Pizzi v. Van Waters & Rogers, Inc.*, 94 S.W.3d 636, 639 n.1 (Tex. App.–Amarillo 2002, pet. denied); *Kelly v. LIN Television of Texas, L.P.*, 27 S.W.3d 564, 569 (Tex. App.–Eastland 2000, pet. denied).

11 S.W.3d 153, 154 (Tex. 1999). DETEC further discussed authority supporting that a general contractor that retains control over safety matters owes a duty to a subcontractor's employees if the general contractor is aware that its contractor routinely ignores applicable federal guidelines and standard company policies related to safety. *See **Hoechst-Celanese Corp. v. Mendez***, 967 S.W.2d 354, 357 (Tex. 1998). Thereafter, DETEC argued that there was no evidence that it had "any actual knowledge of the dangerous activity performed by [Holloway] that caused his injury." It further argued that there was no evidence that any "DETEC people" were present when Holloway's injury occurred or that they "had any knowledge or reason to believe that Holloway would do what he did on this isolated occasion."

The only duty that DETEC raised that relates to a general contractor's knowledge is the so-called "***Mendez*** duty." *See **Mendez***, 967 S.W.2d at 357. However, a ***Mendez*** duty requires proof of an awareness that the subcontractor routinely ignores applicable federal guidelines and standard company policies related to safety. Thus, DETEC's allegations that there was no evidence that it had knowledge that Holloway was performing a dangerous activity at the time he was injured do not sufficiently raise a no evidence issue on the element of duty.

### *Point II*

In Point II, DETEC made an argument concerning comparative responsibility. We first note that DETEC failed to make any no evidence allegations in this section. Moreover, a no evidence motion for summary judgment must make allegations of "no evidence" on a claim or defense on which the nonmovant has the burden of proof. *See* TEX. R. CIV. P. 166a(i). Here, Holloway does not have the burden of proof on comparative responsibility.[4] As such, Point II does not contain any allegations that could properly be considered the subject of a no evidence motion for summary judgment.

### *Point III*

In Point III, DETEC argued that Holloway's claim concerning its alleged duty to assure that

---

[4] Because comparative responsibility involves measuring the party's comparative fault in causing the plaintiff's injuries, it necessitates a preliminary finding that the plaintiff was in fact contributorily negligent. ***Moore v. Kitsmiller***, 201 S.W.3d 147, 151 (Tex. App.–Tyler 2006, pet. denied). Contributory negligence is an affirmative defense on which the defendant has the burden of proof. *See **id***; *see also* TEX. R. CIV. P. 94.

the electrical line was placed in "1-shot,"[5] "must fail for lack of proximate cause" because the evidence is undisputed that Holloway only received one "shot" of electricity. Whether DETEC's argument under Point III amounts to a motion under either 166a(a) or (i) is unclear at best. DETEC made no express claim that there was no evidence of proximate cause and makes reference to other evidence, which it claimed was undisputed. Reading Point III as a whole, we cannot conclude that DETEC satisfied the requirements of rule 166a(i) by its contentions made thereunder.

**Summation**

DETEC's motion asserts that it is being filed both under the traditional and no evidence summary judgment standards. Yet, apart from that claim, there is little relation between DETEC's motion and the plain requirements of rule 166a(i). By its motion, DETEC made no effort to designate those claims it sought to submit under the traditional summary judgment standard versus the no evidence standard. Furthermore, though DETEC made at least one reference to "no evidence" under Point I, the evidence it claimed was lacking did not have a direct relationship to the duty it had previously discussed.

Much like the requirements concerning a party's response to a no evidence motion for summary judgment, the requirements a movant must satisfy under rule 166a(i) are straightforward. To shift the burden of proof to its opponent, when there has been adequate time for discovery, the movant need only (1) state the elements as to which there is no evidence and (2) state that there is no evidence as to one or more of those elements. We decline to extend a "fair notice" exception to the requirements of rule 166a(i). *See **Fieldtech Avionics & Instruments, Inc. v. Component Control.com, Inc.***, 262 S.W.3d 813, 824 n.4 (Tex. App.–Fort Worth 2008, no pet.); ***Mott v. Red's Safe and Lock Servs., Inc.***, 249 S.W.3d 90, 98 (Tex. App.–Houston [1st Dist.] 2007, no pet.). As such, we cannot conclude with any level of confidence that DETEC satisfied rule 166a(i)'s low threshold in its motion. Thus, we hold that DETEC's no evidence motion is legally insufficient and that the trial court's order granting DETEC's no evidence motion for summary judgment was erroneous. Holloway's second issue is sustained.[6]

---

[5] According to DETEC's motion, "1-shot" is a condition designed to prevent the automatic reclosing and reenergizing of the line where a "temporary fault" has occurred.

[6] We do not reach the remaining subissues contained within Holloway's second issue.

8

Having overruled Holloway's first issue, we ***affirm*** the trial court's judgment as to Texas Electric.  Having sustained Holloway's second issue, we ***reverse*** the trial court's judgment as to DETEC and ***remand*** the cause for further proceedings.


                                              **JAMES T. WORTHEN**
                                                 Chief Justice


Opinion delivered March 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)