**Opinion filed December 30, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00192-CV

_____

## TERRI THOMPSON, Appellant

## V.

## GILBERT GONZALES, III, Appellee

**On Appeal from the County Court at Law No. 1**
**Ector County, Texas**
**Trial Court Cause No. CC-18-0038-CV**

## M E M O R A N D U M   O P I N I O N

This appeal concerns the trial court's grant of a no-evidence summary judgment. Appellant, Terri Thompson, filed a negligence action against Appellee, Gilbert Gonzales, III, and others, for damages that Appellant allegedly suffered as a result of an automobile accident. In his pleadings, Appellee affirmatively alleged that Appellant's injuries were caused by her own negligence. Appellee later filed the subject no-evidence motion for summary judgment. Appellant did not file a

response to Appellee's no-evidence motion, and the trial court granted it. Acting pro se, Appellant has appealed and purportedly challenged the trial court's ruling. Because Appellant failed to raise any specific issue on appeal in her brief, we affirm.

## I. *Factual Background*

In early 2018, Appellant filed her initial suit alleging that she was injured as a result of an automobile accident caused by Appellee's negligence. Appellant later amended her petition to add a claim of negligent entrustment against Anita Vega. Appellee and Vega answered and later amended their answers to add affirmative defenses to Appellant's claims, alleging, among other things, that Appellant's injuries or damages were caused by her own negligence.

Vega filed a motion for summary judgment as to the claims that Appellant had asserted against her. Appellant did not file a response to Vega's motion, but instead filed a second amended petition in which Appellee was named as the only defendant. Sometime after this, Appellant's attorneys filed a motion to withdraw as counsel for Appellant, which the trial court granted. Appellee then filed his no-evidence motion for summary judgment and challenged each element of the sole cause of action that Appellant had asserted against him—negligence. Appellant did not file a response, and the trial court granted Appellant's motion. This appeal followed.

## II. *Analysis*

Appellant is a pro se litigant. Therefore, we construe her brief liberally. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.). Nevertheless, Appellant is still held to the same standards as any licensed attorney and is required to comply with all applicable rules of procedure. *Mansfield State Bank*, 573 S.W.2d at 184–85; *Aaron*, 645 S.W.3d at 312. The Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the

contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Appellant's brief contains none of these requirements. In fact, Appellant's brief merely restates the allegations recited in her amended petition and neither raises any issue for appellate review nor develops any argument regarding any such issue. With the most liberal of constructions, perhaps one could conclude that Appellant contends there are disputed issues of fact. But Appellant's brief contains no citations to the record or to any legal authority whatsoever that could conceivably support her arguments on appeal. Because Appellant's brief is deficient and fails to comply with Rule 38.1(i), Appellant has waived her complaint on appeal that the trial court erred when it granted Appellee's no-evidence motion for summary judgment. As such, Appellant presents nothing for our review. *See Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("[F]ailure to offer argument, provide appropriate record citations, or a substantive analysis waives an appellate issue.").

Even if Appellant's complaint was preserved for our review, we hold that the trial court did not err when it granted Appellee's no-evidence motion. A movant is entitled to a no-evidence summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a non-movant's claims on which the non-movant has the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the non-movant produces more than a scintilla of evidence to raise a genuine issue of material fact on each challenged element. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). In reviewing such a motion, we examine the evidence in the light most favorable to the non-movant. *KMS Retail*, 593 S.W.3d at 181; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We will credit evidence favorable to the non-movant if reasonable jurors could, and we will disregard evidence contrary to

3

the non-movant unless reasonable jurors could not. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007).

Here, Appellant did not file a response to Appellee's motion. In a no-evidence summary judgment context, the trial court must grant a no-evidence motion for summary judgment unless the non-movant produces sufficient evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004). Thus, a non-movant must, at the very least, provide some form of discussion that raises issues of material fact on the challenged elements of the non-movant's claims that have been challenged. *Holloway v. Tex. Elec. Utility Constr., Ltd.*, 282 S.W.3d 207, 212 (Tex. App.—Tyler 2009, no pet.) (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207–08 (Tex. 2002)).

Because Appellant failed to respond in any manner to Appellee's no-evidence motion, she failed to meet her burden to raise a genuine issue of material fact on the challenged elements of her negligence claim. Therefore, the trial court did not err when it granted Appellee's no-evidence motion for summary judgment.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

December 30, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4